UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PREMIER HEALTH CENTER, P.C.,

     Plaintiff,

  -v-                                                         No. 17 CV 1861-LTS

CUREMD.COM, INC. et al.,

     Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff Premier Health Center, P.C. ("Premier") brought this action against Defendant CureMD.com, Inc. ("CureMD") seeking declaratory and injunctive relief in connection with the alleged improper dissemination of protected health information ("PHI"). On May 8, 2017, CureMD moved to dismiss Premier's Complaint. (Docket entry no. 12.) Instead of filing opposition papers, Premier filed a First Amended Complaint on June 9, 2017. (Docket entry no. 18.) On June 14, 2017, the Court granted CureMD's motion to dismiss the initial Complaint as unopposed, and struck Premier's First Amended Complaint for failure to comply with Federal Rule of Civil Procedure 15(a). (<u>See</u> docket entry no. 30.) The Court also granted Premier permission to file a motion for leave to amend its Complaint in light of the dismissal. (<u>Id.</u>)

        Premier now moves for leave to file an Amended Complaint (docket entry no. 40-1, the Amended Complaint ("AC")), which asserts two new causes of action and adds the following named defendants: Precision Billing LLC, Perry Bonomo, Madison Spine, Dpro Technologies India Private Limited, Annexmed Private Limited, Curemd Pakistan (Pvt.)

Limited, Dpro Technologies India Private Limited, Thomas E. Price,[1] Secretary of the Department of Health and Human Services (the "HHS Secretary"), and Roger Severino, Director of the Office for Civil Rights at the Department of Health and Human Services (the "HHS Director"). (See docket entry no. 38, the "Motion.") The Court has considered carefully the parties' submissions and, for the reasons that follow, Premier's motion for leave to amend is denied.

BACKGROUND

The following factual summary is drawn from Premier's Amended Complaint, and is taken as true for purposes of this motion practice.

Premier is a New Jersey professional corporation that provides healthcare services. (AC ¶ 10.) On April 7, 2007, Premier entered into an agreement with Precision Billing, a New Jersey third-party billing service provider, under which Precision Billing would prepare, submit, process, and follow-up on insurance claims on Premier's behalf. (AC ¶¶ 13, 38, 39; docket entry no. 40-2, the "April 2007 Agreement," ¶ 2.3.) The April 2007 Agreement specified that Precision Billing was to "maintain the security and confidentiality" of all patient PHI in compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (AC ¶ 38; April 2007 Agreement ¶ 1.) Between April 7, 2007, and December 17, 2015, Precision Billing entered into various "business associate agreements" through which Precision Billing outsourced its billing and collection work for Premier. (AC ¶¶ 45, 49, 55.)

On December 17, 2015, Premier and Precision Billing terminated the April 2007 Agreement. (AC ¶ 62; docket entry no. 40-9, the "Termination Letter.") A Termination Letter

---

[1] Alex Azar succeeded Thomas Price as Secretary of the Department of Health and Human Services on January 29, 2018.

specified that Precision Billing was to cease all billing and collection work by March 17, 2016, and complete any collections upon previous billings by July 17, 2016. (AC ¶ 62; Termination Letter.) Despite the termination of Precision Billing's services, Premier alleges that it received notice on multiple occasions from patients and insurance companies after July 17, 2016, about the continued disclosure of patient PHI entrusted to Precision Billing. (AC ¶¶ 66, 69-70.) Premier alleges that these disclosures were unauthorized and that Defendants have "failed to reasonably safeguard [Premier's] patient PHI in accordance with HIPAA standards." (AC ¶¶ 66, 74.) Premier also alleges that Precision Billing made unauthorized disclosures of patient PHI to Defendants Perry Bonomo and Madison Spine. (AC ¶¶ 42, 75.)

On August 27, 2016, Premier filed a complaint against Precision Billing with the Office for Civil Rights ("OCR") at the Department of Health and Human Services ("HHS"). (AC ¶ 76.) On April 6, 2017, OCR issued a responsive letter detailing certain "corrective actions" necessary to bring Precision Billing into compliance with HIPAA. (AC ¶ 76; docket entry no. 40-12, the "OCR Letter.") The OCR Letter stated that OCR was "closing th[e] case without further action, effective the date of this letter." (AC ¶ 76; OCR Letter.)

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that the court may give leave to a party to amend its pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Such leave may be denied on grounds of futility, however, if the proposed amended pleading could not withstand a motion to dismiss, such as a motion under Rule 12(b)(1) asserting lack of subject matter jurisdiction, or one under Rule 12(b)(6) for failure to state a claim. Griffith-Fenton v. Coldwell Banker Mortg., No. 13 CV 7449, 2014 WL 6642715, at *1 (S.D.N.Y. Oct. 17, 2014); Oneida Indian Nation of N.Y. v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003) (citation omitted).

The party opposing the motion to amend bears the burden of establishing that the amendment would be futile. Ballard v. Parkstone Energy, LLC, No. 06 CV 13099, 2008 WL 4298572, at *3 (S.D.N.Y. Sep. 19, 2008).

Under Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When subject matter jurisdiction is challenged under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [may not] draw inferences from the complaint favorable to plaintiffs." J.S. v. Attica Central Schools, 386 F.3d 107, 110 (2d Cir. 2004). The plaintiff has the burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists. Makarova, 201 F.3d at 113. The Court also has an independent duty under Rule 12(h)(3) to dismiss an action if it lacks subject matter jurisdiction.

In adjudicating a motion brought pursuant to Rule 12(b)(6), the Court accepts as true the non-conclusory factual allegations in the complaint, and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). To survive a motion to dismiss for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007). A pleading that only offers "labels and conclusions or a formulaic recitation of elements of a cause of action" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

First Cause of Action: Declaratory Judgment Act

Premier's first cause of action invokes the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), 2202, and seeks judicial declarations that: (1) Defendants are "solely liable for (a)

the unauthorized disclosure and use, since July 17, 2016, of [Premier's] sensitive patient PHI, (b) any and all civil money penalties arising from such unauthorized disclosure and use . . . and (c) any claims or lawsuits arising from such unauthorized disclosure and use," (2) that Defendants "must return any and all of [Premier's] patient PHI and retain no copies whatsoever," and (3) that Precision Billing "must carry out all corrective actions set forth in [the OCR Letter.]" (See AC ¶¶ 83-84.) Premier's first cause of action does not clearly identify a legal basis for Defendant's alleged liability, nor does it identify a legal reason why Defendants must return patient PHI or comply with the OCR Letter. The Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts. Correspondent Servs. Corp. v. First Equities Corp. of Florida, 442 F.3d 767, 769 (2d Cir. 2006). Instead, "there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." Id. Because Premier fails to identify an independent legal basis giving rise to federal subject matter jurisdiction and warranting the relief sought here, the Court lacks subject matter jurisdiction of Premier's first cause of action.[2] To the extent that Premier relies upon HIPAA as an independent basis of jurisdiction, Premier's first cause of action fails to state a claim under Rule 12(b)(6) because HIPAA does not provide a private cause of action through which individuals can enforce its provisions. Shallow v. Scofield, No. 11 Civ. 6028, 2012 WL 4327388, at *4 (S.D.N.Y. Sept. 21, 2012); see also Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am., 639 F. Supp. 2d

---

[2] Premier's allegations in support of this cause of action and its claim for relief suggest lack of federal subject matter jurisdiction because they are premised on Defendants' alleged potential liability for future penalties, claims, and lawsuits, which do not implicate a case or controversy "of sufficient immediacy and reality" to warrant the issuance of a declaratory judgment. See Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 752 (2d Cir. 1996) ("For a court to have subject matter jurisdiction over a declaratory judgment action, there must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (internal quotations omitted).

371, 376-77 (S.D.N.Y. 2009) (collecting cases). Accordingly, Premier's request for leave to file an Amended Complaint that includes Premier's first cause of action is denied as futile.

Second Cause of Action: Administrative Procedure Act

Premier's second cause of action invokes the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and seeks judicial review of OCR's decision to close its complaint.[3] (See AC ¶ 91.) While section 702 of the APA permits judicial review of an agency's decision to close a complaint, judicial review "is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Frasier v. United States Dep't of Health and Human Servs., 779 F. Supp. 213, 219 (N.D.N.Y. 1991) (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)). Here, the HIPAA privacy regulations cited by Premier provide no clear guidance on enforcement and grant HHS discretion as to how to investigate potential privacy violations. See 45 C.F.R. § 160.306 ("The Secretary may investigate any other complaint filed under this section. An investigation under this section may include a review of the pertinent policies, procedures, or practices of the covered entity or business associate and of the circumstances regarding any alleged violation."); 45 C.F.R. § 160.308 ("The Secretary may conduct a compliance review to determine whether a covered entity or business associate is complying with the applicable administrative simplification provisions in any other circumstance."); 45 C.F.R. § 160.312 ("If an investigation of a complaint

---

[3] Premier's second cause of action also appears to seek an injunction compelling the HHS Secretary and the HHS Director to make Precision Billing comply with the "corrective actions" detailed in the OCR Letter. (See AC ¶¶ 88-90, 92.) In this respect, Premier's second cause of action fails to state a claim upon which relief can be granted. Section 702 of the APA provides a cause of action to a person aggrieved by agency action to obtain review of the agency action, not a cause of action for enforcement of an agency directive by a party that believes it would benefit from such enforcement.

pursuant to § 160.306 or a compliance review pursuant to § 160.308 indicates noncompliance, the Secretary may attempt to reach a resolution of the matter satisfactory to the Secretary by informal means. Informal means may include demonstrated compliance or a completed corrective action plan or other agreement."). Because HHS has the discretion to investigate and enforce potential HIPAA violations, Premier's APA claim is barred by sovereign immunity and the Court lacks subject matter jurisdiction of Premier's second cause of action. See <u>Wooten v. U.S. Dep't of Health and Human Servs. - Office of Civil Rights</u>, No. 10 Civ. 3728, 2011 WL 536448, at *6 (S.D.N.Y. Feb. 15, 2011), <u>aff'd</u>, 478 F. App'x 708 (2d. Cir. 2012) (finding that the court lacked jurisdiction to review HHS-OCR decisions under the APA because HIPAA's privacy rule was discretionary). Accordingly, Premier's request for leave to pursue the second cause of action pleaded in the proposed Amended Complaint is denied as futile.

<u>Third Cause of Action: Mandamus</u>

Premier's third cause of action invokes 28 U.S.C. § 1361 and seeks a writ of mandamus to compel the HHS Secretary and the HHS Director to perform an alleged duty to "ensure 'demonstrated compliance,' by a non-complying business associate or confirm its 'completed action plan' under HIPAA vis-à-vis the 'corrective actions' ordered in [the OCR Letter.]" (<u>See</u> AC ¶¶ 94-95.) Under the mandamus statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In order for the writ to issue, a plaintiff must prove that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." <u>Benzman v. Whitman</u>, 523 F.3d

119, 132-133 (2d Cir. 2008).  Here, Premier has not identified a clear right to relief or a "plainly defined and peremptory duty" on the part of HHS to "ensure demonstrated compliance" or "confirm [a] completed action plan under HIPAA."  As explained in connection with Premier's first cause of action, Premier has no clear right to relief under HIPAA because HIPAA does not provide a private cause of action through which individuals can enforce its provisions.  Shallow, 2012 WL 4327388, at *4.  Moreover, HIPAA's privacy regulations grant HHS discretion as to how to investigate potential privacy violations.  This discretion renders mandamus inappropriate since the challenge does not involve a plainly defined or a "clear nondiscretionary" duty.  Anderson v. Bowen, 881 F.2d 1, 4 (2d Cir. 1989).  Accordingly, leave to amend the Complaint to assert Premier's third cause of action is denied as futile.

Fourth and Fifth Causes of Action: Breach of Contract and Negligence

Premier's fourth and fifth causes of action assert breach of contract and negligence claims against certain named defendants.  (See AC ¶¶ 97-103, 107-113.)  In light of the Court's denial of leave to amend to pursue Premier's first, second, and third causes of action, the Court lacks a proper foundation for supplemental jurisdiction over the state law claims asserted in Premier's fourth and fifth causes of action.  See Cohen v. Postal Holdings, LLC, 873 F.3d 394, 399 (2d Cir. 2017) ("[A] district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.") (internal quotations omitted).  Thus, the application for leave to file an Amended Complaint asserting those causes of action is denied.

## CONCLUSION

For the foregoing reasons, Premier's motion for leave to file the Amended Complaint is denied as futile as to the first three proposed causes of action, and for lack of subject matter jurisdiction as to the fourth and fifth proposed causes of action. This Memorandum Opinion and Order resolves docket entry no. 38. The Clerk of the Court is respectfully requested to enter judgment dismissing the original Complaint in accordance with the Court's June 14, 2017, Order (docket entry no. 30) and to close this case.

SO ORDERED.

Dated: New York, New York
March 28, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge